JARRELL v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 45251. Submitted February 5, 1981, at Detroit.—Decided
May 19, 1981.

James Jarrell was fatally injured when his automobile, which
was insured under a policy issued by the Detroit Automobile
Inter-Insurance Exchange (DAIIE), struck him while being
driven by Yvonne Belcher. Ms. Belcher had no insurance policy
in her own name at the time of the accident. Ruby F. Jarrell,
administratrix of the estate of James Jarrell, commenced a
dramshop action naming Ms. Belcher and others as defendants
and commenced this separate action for a declaratory judgment
naming as defendants DAIIE and the Michigan Motor Vehicle
Accident Claims Fund. In this declaratory judgment action,
plaintiff argued that, if Ms. Belcher was driving with permis-
sion, then Ms. Belcher was an insured driver within the mean-
ing of the DAIIE policy and, if Ms. Belcher was driving without
permission, then Ms. Belcher was an uninsured motorist and
recovery could be had under the uninsured motorists coverage
of the policy. The Wayne Circuit Court, Joseph B. Sullivan, J.,
granted partial summary judgment in favor of the plaintiff
declaring DAIIE liable if Ms. Belcher was driving with permis-
sion but declared that DAIIE would not be liable if Ms. Belcher
was driving without permission. Plaintiff appeals by leave
granted from the portion of the judgment declaring DAIIE to
be not liable if Ms. Belcher was to be found to have been
driving without permission. *Held:*

1. The insurance policy issued by DAIIE to the deceased does,
by its terms, deny recovery to a named insured where the
named insured is injured by his own motor vehicle when such
motor vehicle is being driven without permission, since under

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 293.
  73 Am Jur 2d, Statutes § 192.
  Rights and liabilities under "uninsured motorists" coverage. 79
  ALR2d 1252.
[2, 3] 7 Am Jur 2d (Rev), Automobile Insurance §§ 316, 324.
[3] 7 Am Jur 2d (Rev), Automobile Insurance § 293.

the policy language a motor vehicle is deemed to be insured within the liability provisions only when it is being used with the permission of the named insured and an owned motor vehicle of the named insured is specifically excluded from uninsured motorist coverage.

2. A policy provision which excludes uninsured coverage to a named insured injured as a result of the unauthorized use of his own automobile is contrary to the public policy expressed in the former section of the Insurance Code which set forth the requirements relative to uninsurd motorist coverage. The policy language herein, accordingly, is being used to deny the uninsured motorist coverage required by statute.

Reversed.

1. Insurance — Automobiles — Insurance Code — Motor Vehicle Accident Claims Act — Judicial Construction — Statutes.

The former section of the Insurance Code which required uninsured motorist protection in automobile insurance policies and the Motor Vehicle Accident Claims Act are *in pari materia* and are to be construed together (MCL 257.1102[d], 500.3010; MSA 9.2802[d], 24.13010).

2. Insurance — Automobiles — Exclusionary Clauses — Public Policy.

Exclusionary clauses in motor vehicle insurance policies which attempt to limit liability to less than that mandated by statute are void as against public policy.

3. Insurance — Automobiles — Uninsured Motorist Coverage — Nonpermissive Use.

An owner of an insured automobile injured when that automobile is being driven without the permission of the owner is entitled to recover under the uninsured motorist coverage of the insurance policy covering that automobile, notwithstanding the fact that the insurance policy's provisions exclude from liability coverage the insured automobile when being used without the owner's permission and exclude from uninsured motorist coverage any automobile owned by the insured.

*Sommers, Schwartz, Silver & Schwartz* (by *Richard D. Fox*), for plaintiff.

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by *Edwin F. Dyer, II*) and *Gromek, Bendure &*

*Thomas* (by *Carl L. Gromek* and *Nancy L. Bush),* for Detroit Automobile Inter-Insurance Exchange.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Edgar L. Church, Jr.,* Assistants Attorney General, for the Michigan Motor Vehicle Accident Claims Fund.

Before: BRONSON, P.J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

BRONSON, P.J. This is an appeal from a judgment adverse to plaintiff in her suit for declaratory relief. On May 11, 1973, plaintiff's deceased was the owner of a 1967 Mercury automobile which was insured by defendant Detroit Automobile Inter-Insurance Exchange (hereinafter DAIIE or defendant). On that date, James Jarrell, the deceased, was struck and fatally injured by his own car which was driven by Yvonne Belcher. A dramshop action is currently pending in the Wayne County Circuit Court naming Ms. Belcher and others as defendants.

Yvonne Belcher had no insurance policy in her own name at the time of the fatal accident. It is unknown whether she was driving with or without Mr. Jarrell's permission. On February 21, 1979, plaintiff moved for partial summary judgment. Plaintiff argued that, if Ms. Belcher was driving with permission, then Ms. Belcher was an insured driver under the liability section of the policy. Plaintiff further argued that, if Ms. Belcher was driving without permission, then Ms. Belcher was an uninsured motorist, in which case recovery could be had pursuant to the uninsured motorists' section of the policy. DAIIE argued, however, that

it would not be liable if Ms. Belcher was driving without permission.

The circuit court rendered two opinions. The first held that DAIIE would be liable if Ms. Belcher had consent to drive. The second held that, if Ms. Belcher was driving without consent, DAIIE would not be liable. Leave to appeal was granted only as to the finding that DAIIE would not be liable if Ms. Belcher was driving without consent.

The starting point of our analysis is the relevant provisions of the insurance policy in dispute. The uninsured motorists' coverage portion of the policy provides:

"All sums which the insured shall be legally entitled to recover as damages, including damages for care and loss of service, from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile * * *."

The policy defines "uninsured automobile" thusly:

"(1) a motor vehicle with respect to the ownership, maintenance or use of which there is, with respect to Part (1), no bodily injury liability insurance policy or bond, or, with respect to Part (2), no property damage liability insurance policy or bond, applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle.

\* \* \*

"(e) an uninsured automobile shall not include (1) a motor vehicle owned by the insured or any resident of the same household."

The liability protection section of the policy defines "insured" as:

"(a) with respect to the owned automobile, (1) the named insured and any relative (2) any other person using such automobile, provided the actual use is with the permission of the named insured and is within the scope of such permission * * *."

DAIIE contends that, if Belcher was driving without permission, it is not liable to pay benefits. DAIIE notes that the uninsured motorists' coverage portion of the policy applies only to an "uninsured automobile" and that pursuant to the policy definition of "uninsured automobile", the deceased's car cannot be construed as uninsured. We agree with defendant that, as the policy is written, plaintiff is not entitled to recover if Ms. Belcher was driving without permission.

Despite the language of the policy, we still must consider whether, as plaintiff argues, DAIIE is impermissibly attempting to provide less uninsured motorist coverage than state statute requires.

At the time of the accident, the relevant statutory provision appearing in the Insurance Code of 1956 provided:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 3009 under provisions approved by the commissioner of insurance, for the protection of persons insured there-

under who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein. All such policies shall contain a notice, displayed prominently on the front page of the policy, in at least 8-point type that such protection coverage was explained to him and that he can reject such coverage by notice in writing. Unless the named insured requests such coverage in writing, it need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer." 1971 PA 210, § 3010; MCL 500.3010; MSA 24.13010.[1]

While the above-quoted provision does not define the term "uninsured motor vehicle", the Motor Vehicle Accident Claims Act, MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.,* does. The Insurance Code and Motor Vehicle Accident Claims Act are *in pari materia* and to be construed together. See *Oatis v Dairyland Ins Co,* 20 Mich App 367, 372; 174 NW2d 35 (1969), and the concurring opinion of LEVIN, J., in *Collins v Motorists Mutual Ins Co,* 36 Mich App 424, 434; 194 NW2d 148 (1971), *lv den* 388 Mich 812 (1972). MCL 257.1102(d); MSA 9.2802(d) defines "uninsured motor vehicle", insofar as is relevant here, as "a motor vehicle to which there is not in force a liability policy meeting the requirements" of MCL 500.3009; MSA 24.13009.

We agree with plaintiff that this provision is correctly interpreted as meaning that, if the operator of a motor vehicle is not covered by a policy of insurance at the time the car is being driven and

---

[1] Repealed by 1972 PA 345, January 9, 1973, effective October 1, 1973.

the owner's policy is not in effect, then the automobile is an uninsured motor vehicle within the meaning of the statute. Pursuant to MCL 500.3010; MSA 24.13010, DAIIE is required to provide uninsured motorists' coverage enabling its insureds to recover those amounts they are legally entitled to from owners or operators of an uninsured motor vehicle. The only exception to this requirement, also embodied in MCL 500.3010; MSA 24.13010, is if the insured rejects uninsured motorists' coverage in writing. This is not the situation in the case at bar. Both this Court and the Michigan Supreme Court have held on numerous occasions that an exclusionary clause attempting to limit liability to less than that mandated by statute is void as against public policy. *Inter alia: Pappas v Central National Ins Group of Omaha,* 400 Mich 475; 255 NW2d 629 (1977), *State Farm Mutual Automobile Ins Co v Sivey,* 404 Mich 51; 272 NW2d 555 (1978), *Roach v Central National Ins Co of Omaha,* 60 Mich App 40; 230 NW2d 297 (1975), *Allstate Ins Co v DeFrain,* 81 Mich App 503; 265 NW2d 392 (1978), *lv den* 406 Mich 859 (1979), *Detroit Automobile Inter-Ins Exchange v Irvine,* 92 Mich App 371; 284 NW2d 535 (1979), *lv den* 407 Mich 963 (1980).

Defendants seek to distinguish the above cases on the basis that they all involved attempts by the insurer to exclude from uninsured motorists' coverage persons whom they were legally obligated to insure for liability. Here no such attempt is being made. In the case of *Ruesing v Aetna Casualty & Surety Co, sub nom Bradley v Mid-Century Ins Co,* 409 Mich 1, 39; 294 NW2d 141 (1980), the Michigan Supreme Court rejected the analysis defendants now advance. There, Ruesing, Jr., took his father's car without permission and allowed a

friend to drive. The friend's negligence caused an accident in which Ruesing, Jr., was killed. The liability portion of Ruesing, Sr.'s, policy did not apply because the vehicle was being driven without his permission. While the Supreme Court also ruled that the uninsured motorist coverage did not apply in that case, it additionally stated:

"Ruesing, Sr., advances two reasons why the limitation on portability is violative of the uninsured motorist amendment, notwithstanding that Ruesing, Jr., was not a liability insured:

"i) Where the facts altered slightly the exclusion would lead to unacceptable results. If Ruesing, Sr.'s vehicle were stolen and he was run over by the thief, the exclusion would bar his recovery. If that were the case, we would no doubt void the exclusion since Ruesing, Sr., is a liability insured and within the intendment of the amendment.

\* \* \*

"Boettner's [Boettner v State Farm Mutual Ins Co, 388 Mich 482; 201 NW2d 795 (1972)] conclusion that an owned vehicle exclusion is void as to 'persons insured thereunder' does not mean that such a clause is a nullity and cannot be applied to persons not so insured. While in Pappas we said '[w]here a policy of insurance does not offer statutorily required uninsured motorist coverage, conforming language must be read into the terms of the policy', we are not here presented with a case where statutorily required coverage is denied. If the exclusion were used to deny coverage to a liability insured—Ruesing, Sr., or one using the vehicle with his permission—we would reform the insurance policy." Id., 40-41. (Footnotes omitted.)

It is apparent from the above excerpt that plaintiff must prevail in this case. In Ruesing, plaintiff was attempting to recover uninsured motorists' benefits for his son's death despite the fact that his son had taken his car without permission. There-

fore, the son was not entitled to collect under the policy because of his nonpermissive use, and those claiming through him were also barred from recovery. Here, however, plaintiff's decedent was "a liability insured and within the intendment of the amendment". As such, it is apparent that DAIIE is using the policy language to deny the required uninsured motorists' coverage.

Reversed. Costs to plaintiff.