STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
HAWKEYE-SECURITY INSURANCE COMPANY

Docket No. 57093. Submitted February 2, 1982, at Grand Rapids.—
Decided April 23, 1982.

Joseph Gilliland was injured in an automobile accident while
using a vehicle owned by his employer for his personal use
after working hours. State Farm Mutual Automobile Insurance
Company, Gilliland's insurer, paid Gilliland no-fault benefits
totaling $26,864.14 and then commenced suit in Kalamazoo
Circuit Court against Hawkeye-Security Insurance Company,
the employer's no-fault insurer, and Gilliland seeking a declar-
atory judgment against Hawkeye and an order requiring Hawk-
eye to reimburse State Farm the amount already paid to
Gilliland. The trial court, Robert L. Borsos, J., granted plain-
tiff's motion for summary declaratory judgment and summary
judgment. Hawkeye appeals. *Held:*

An employee or a family member domiciled in the same
household who suffers accidental bodily injury while occupying
a motor vehicle owned or registered by the employer and
furnished by the employer to the employee is entitled to receive
personal protection insurance benefits to which the employee is
entitled from the insurer of the vehicle. This rule applies
regardless of whether the injury occurs in the course of the
employee's employment, and the fact that the vehicle was
being used for personal use after working hours does not
require a different ruling where the original taking of the
vehicle was lawful.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5] 7 Am Jur 2d, Automobile Insurance § 354.

Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

Who is "member" or "resident" of same "family" or "household,"
within no-fault or uninsured motorist provisions of motor vehicle
insurance policy. 96 ALR3d 804.

[2] 82 Am Jur 2d, Workmen's Compensation § 317.

[4, 5] 17 Am Jur 2d, Contracts § 188.

[5] 7 Am Jur 2d, Automobile Insurance § 349.

1. INSURANCE — NO-FAULT INSURANCE — EMPLOYER FURNISHED VEHI-
   CLES.

   The no-fault automobile insurance act provides that in most situations where an injured person is insured or where an injured person's family member is insured under a no-fault insurance policy the insured person seeks benefits from his own insurer; an exception exists where the injured party is an employee, spouse of an employee, or relative of either domiciled in the same household, and is injured while an occupant of a motor vehicle owned or registered by the employee's employer and furnished by the employer to the employee, in which case the injured party is entitled to receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle (MCL 500.3114[1], [3]; MSA 24.13114[1], [3]).

2. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION —
   REMEDIES.

   An employee who suffers accidental bodily injury in the course of his employment while occupying a motor vehicle owned by the employer is entitled to collect no-fault insurance benefits from the no-fault insurer of the employer's vehicle and is not limited to workers' compensation as his sole remedy.

3. INSURANCE — NO-FAULT INSURANCE — EMPLOYER FURNISHED VEHI-
   CLES — COURSE OF EMPLOYMENT.

   The section of the no-fault automobile insurance act which provides that an employee or a member of his household who suffers injury while occupying a vehicle owned or registered by the employer and furnished by the employer to the employee is entitled to receive personal protection insurance benefits to which the employee is entitled from the insurer of the vehicle was meant to apply in any situation in which an employee is injured while occupying a vehicle owned by his employer, regardless of whether the injury occurred in the course of his employment (MCL 500.3114[3]; MSA 24.13114[3]).

4. INSURANCE — AUTOMOBILES — EXCLUSIONARY CLAUSE — PUBLIC
   POLICY.

   Exclusionary clauses in motor vehicle insurance policies which attempt to limit liability to less than that mandated by statute are void as against public policy.

5. INSURANCE — NO-FAULT INSURANCE — EMPLOYER FURNISHED VEHI-
   CLES — EXCLUSIONARY CLAUSE.

   The exclusionary provision of the no-fault automobile insurance

act which provides that a person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident he was using a motor vehicle which he had taken unlawfully does not apply to a situation where an employee lawfully and within the scope of his employment takes a vehicle furnished by his employer and continues to use the vehicle for his own purposes after working hours and is injured while doing so (MCL 500.3113[a]; MSA 24.13113[a]).

*James, Dark & Brill* (by *John C. Fish*), for plaintiff.

*Linsey, Strain & Worsfold, P.C.,* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. On March 3, 1981, the trial court granted plaintiff's motion for summary declaratory judgment and summary judgment, ordering that future no-fault insurance benefits to defendant Joseph Gilliland be paid by defendant Hawkeye-Security Insurance Company and ordering that Hawkeye reimburse plaintiff in the amount of $26,864.14, which plaintiff had already paid defendant Gilliland in no-fault benefits. Defendant Hawkeye-Security Insurance Company appeals as of right from this judgment.

Defendant Gilliland was injured in an automobile accident while using a vehicle owned by his employer, Morrison Industrial Equipment Company, for his own personal use. Shortly after the accident, defendant Gilliland made claim for no-fault benefits against his personal carrier, State Farm Mutual Automobile Insurance Company, and against his employer's commercial business carrier, Hawkeye-Security Insurance Company. Pursuant to this demand for payment, State Farm paid to Gilliland no-fault benefits totaling

$26,864.14. State Farm then commenced suit in the circuit court for the County of Kalamazoo seeking a declaratory judgment against defendant Hawkeye-Security Insurance Company and an order that Hawkeye reimburse to State Farm the $26,864.14 already paid by State Farm to Gilliland.

This matter was heard by the trial court on plaintiff's motion for summary declaratory judgment and summary judgment. For purposes of that hearing, the following facts were stipulated to:

"That Morrison Industrial Equipment Company was Joseph Gilliland's employer and provided said vehicle for Joseph Gilliland's use on company business during regular business hours.

"That Morrison Industrial Equipment Company did not authorize Joseph Gilliland to use said motor vehicle for personal reasons.

"That Joseph Gilliland was not in the course and scope of his employment with Morrison Industrial Equipment Company at the time or place that the aforesaid accident occurred."

The Michigan no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* provides a substitute for tort liability based upon the ownership or operation of a motor vehicle. Under this act, victims of motor vehicle accidents receive insurance benefits from a no-fault insurance carrier as compensation for their injuries. *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980). Sections 3114 and 3115 constitute both entitlement provisions and priority provisions. They are entitlement provisions in that they are the only sections by which persons are given the right to claim personal protection insurance bene-

fits from a specific insurer. They are priority provisions in that they define the circumstances in which a particular insurance source is liable to provide personal protection insurance benefits. *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231, 251-252; 293 NW2d 594 (1980). In most situations where an injured person is insured or where an injured person's family member is insured under a no-fault insurance policy, the insured person seeks benefits from his own insurer. MCL 500.3114(1); MSA 24.13114(1), *Belcher v Aetna Casualty & Surety Co, supra,* 252-253, *Underhill v Safeco Ins Co,* 407 Mich 175, 191; 284 NW2d 463 (1979). Section 3114(3) of the act contains an exception to this general rule:

"An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle."

Defendant Hawkeye-Security Insurance Company argues that this section should be inapplicable where an employee is injured while using his employer's vehicle for his own personal purposes and outside of the scope of his employment.

The interpretation by Michigan courts of § 3114(3) has principally been in the context of disputes over the exclusive remedy provisions of the Worker's Disability Compensation Act. MCL 418.131; MSA 17.237(131). The major issue has been whether an employee injured while occupying an employer's vehicle could collect no-fault insurance benefits from the insurer of the employer's vehicle, in addition to workers' compensation

benefits. In *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980), the Michigan Supreme Court resolved the issue as follows:

"We hold that an employee who suffers accidental bodily injury *in the course of his employment* while occupying a motor vehicle owned by the employer is entitled to collect no-fault benefits from the no-fault insurance carrier insuring the employer's vehicle, and is not limited to workers' compensation as his sole remedy." *Id.,* 175. (Emphasis supplied.)

We do not believe that the Court's inclusion of the phrase "in the course of employment" was meant to indicate that when the injury occurs outside the course of employment the opposite result is required. Defendant's interpretation would require an injured employee to establish, as a prerequisite to obtaining no-fault benefits, that his injuries occurred in the course of his employment. Such a potentially costly and dilatory procedure would be contrary to a principal purpose of the no-fault act, which is to facilitate the swift resolution of claims. See *Gerardi v Buckeye Union Ins Co,* 89 Mich App 90, 94; 279 NW2d 588 (1979). Additionally, had the Legislature desired to limit the operation of § 3114(3) to injuries occurring in the course of employment, it would have been a simple matter to insert a sentence or phrase so providing. Note further the inclusion in § 3114(3) of an employee's spouse or immediate relative. This prompted the comment by this Court in *Ottenwess v Hawkeye Security Ins Co,* 84 Mich App 292, 299; 269 NW2d 570 (1978), *rev'd sub nom Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980):

"We are sure that thousands of employees have access to company vehicles for personal use. That the Legislature anticipated injuries arising in such situation is apparent from its inclusion of the employee's spouse, and relatives domiciled within the household, within the subsection, for how many employees have their spouses and relatives riding with them in company vehicles in the course of their employment?"

Accordingly, we conclude that § 3114(3) of the no-fault act was meant to apply in any situation in which an employee is injured while occupying a vehicle owned by his employer, regardless of whether the injury occurred in the course of his employment.

The fact that the comprehensive automobile liability portion of the insurance policy issued by defendant Hawkeye to Morrison Industrial Equipment Company can be interpreted as excluding liability in this case is not dispositive. Decisions of both this Court and the Michigan Supreme Court have established beyond peradventure that an exclusionary clause attempting to limit an insurer's liability to less than that mandated by statute is void as against public policy. See, *e.g.*, *Jarrell v Detroit Automobile Inter-Ins Exchange,* 106 Mich App 332, 338; 308 NW2d 198 (1981).

Defendant Hawkeye further argues that defendant Gilliland was acting unlawfully when he took his employer's motor vehicle and used it at night for his own purposes without permission. In this regard, § 3113(a) of the no-fault act, MCL 500.3113(a); MSA 24.13113(a), provides as follows:

"A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

"(a) The person was using a motor vehicle which he

had *taken* unlawfully, unless he reasonably believed that he was entitled to take and use the vehicle." (Emphasis supplied.)

Defendant Gilliland took the vehicle lawfully and within the scope of his employment. He continued to use the vehicle for his own purposes after working hours, and was injured while doing so. As expressed by the trial judge:

"Mr. Worsfold [attorney for defendant] makes the argument that it's as bad as if he had taken the vehicle into the business day back to his employer's lot and then later in the evening without authority broke into that lot and took the vehicle. I don't think it's the same case."

Because the original taking of the motor vehicle in which Gilliland was injured was not unlawful, the exclusionary provisions of § 3113(a) do not apply.

The trial court properly applied the priority standards of the no-fault act in granting plaintiff's motion for summary declaratory judgment and summary judgment.

Affirmed.