PARHAM v PREFERRED RISK MUTUAL INSURANCE COMPANY

Docket No. 61538. Submitted February 1, 1983, at Detroit.—Decided April 5, 1983.

Victor Parham was injured in an automobile accident in Kentucky while driving a vehicle owned by his brother-in-law. The owner had arranged to have Parham sell the vehicle in Kentucky if Parham could find a buyer. Parham brought an action against Preferred Risk Mutual Insurance Company for recovery of personal protection benefits and other relief. Preferred Risk insured vehicles owned by other members of Parham's household. The Macomb Circuit Court, Kenneth N. Sanborn, J., determined that an employer-employee relationship existed between Parham and his brother-in-law by virtue of the arrangement for sale of the vehicle and that Parham was therefore precluded from collecting personal protection benefits from his own insurer or that of a member of his household because of a statutory exception. In so finding, the circuit court relied upon cases utilizing the right of control test for determining the existence of an employment relationship. Plaintiff appeals, alleging that the trial court applied the wrong test and that had the court used the economic reality test it would not have found plaintiff to be an employee. *Held:*

1. The right of control test has been generally applied only to cases involving the vicarious liability of a master to third parties for the acts of his servant and is grounded in the theory of *respondeat superior.*

2. This case does not involve the doctrine of *respondeat superior.* The more appropriate test for determination of the existence of an employment relationship for purposes of the no-fault act is the economic reality test.

Reversed and remanded for an evidentiary hearing for a

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Independent Contractors § 1.
[2] 53 Am Jur 2d, Master and Servant § 2.
[3] 7 Am Jur 2d, Automobile Insurance §§ 152, 354.
    Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

determination of whether an employment relationship existed by use of the economic reality test.

1. MASTER AND SERVANT — INDEPENDENT CONTRACTORS.

An independent contractor is one who, carrying on an independent business, contracts to do work without being subject to the right of control by the employer as to the method of work but only as to the result to be accomplished.

2. MASTER AND SERVANT — EMPLOYMENT RELATIONSHIP — ECONOMIC REALITY TEST.

Factors to be considered by a court when applying the economic reality test in determining whether an employer-employee relationship exists include: (1) control of the worker's duties, (2) payment of wages, (3) the right to hire, fire and discipline, and (4) the performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal.

3. MASTER AND SERVANT — EMPLOYMENT RELATIONSHIP — NO-FAULT INSURANCE ACT.

The economic reality test, rather than the right of control test, is the appropriate standard for use in determining the existence of an employment relationship for purposes of the no-fault automobile insurance act (MCL 500.3114[3]; MSA 24.13114[3]).

*Franklin G. Koory,* for plaintiff.

*Eugene S. Hoiby,* for defendant.

Before: D. F. WALSH, P.J., and BEASLEY and T. R. THOMAS,* JJ.

T. R. THOMAS, J. Plaintiff appeals as of right from a judgment of no cause of action in favor of defendant, Preferred Risk Mutual Insurance Company, after a trial without a jury.

The plaintiff was injured in an automobile accident which occurred near Bowling Green, Kentucky, on August 28, 1975, while driving an automobile owned by his brother-in-law, John Giacalone. Plaintiff was a member of the United States

* Circuit judge, sitting on the Court of Appeals by assignment.

Army at the time of the accident. Prior to the accident he had been at his mother's home in Warren, Michigan, recuperating from injuries to his wrists. Plaintiff left Warren to return to Fort Campbell, the United States Army base at which he was stationed, on August 25, 1975. He drove his brother-in-law's automobile.

Brother-in-law Giacalone had been unsuccessfully trying to sell the car in Michigan, and it was his idea to have the plaintiff take the car to Kentucky, thinking it to be a better sales market. Mr. Giacalone requested plaintiff to sell the car during the trip as he did not have the time to take the car there himself. Mr. Giacalone did not consider the use of the car a loan arrangement but it would provide plaintiff with the ride he needed to Kentucky.

To that end Mr. Giacalone signed the title to the car in blank and told plaintiff to sign it also and have it notarized in the event that he was successful in selling the car. Mr. Giacalone did not put the plaintiff on any payroll and had no intention of paying plaintiff, but did intend to reimburse plaintiff for gas and maintenance expenses. Plaintiff put signs on the bulletin board at the base and in the car window in his attempt to sell the vehicle. According to plaintiff, the "sole purpose" for which he took the vehicle to Kentucky was to sell it. The record further reveals that plaintiff had never been allowed the use of the vehicle before and that he had only test driven it once before leaving for Kentucky.

The accident occurred as plaintiff was returning to Michigan and involved an uninsured motor vehicle. As a result of his injuries, plaintiff was retained in the Army until November 14, 1975.

Plaintiff originally brought an action to compel

arbitration of uninsured motorist benefits against Detroit Automobile Inter-Insurance Exchange and defendant and an action for declaratory relief to determine "stacking" of uninsured motorist benefits against defendant. Plaintiff filed an amended complaint on September 24, 1976, seeking personal protection benefits under separate policies of insurance issued to Dorotha Parham and Gregory Parham, mother and brother of plaintiff, by defendant. Detroit Automobile Inter-Insurance Exchange, insurer of the vehicle owned by John Giacalone and being driven by the plaintiff at the time of the accident, was dismissed from the action after settlement under uninsured motorist provisions of its policy for noneconomic loss.

The controversy in this case revolves around the priority provisions of the Michigan no-fault act. In most situations where the injured person is insured or where his family member is insured under a no-fault insurance policy, that person seeks benefits from his own insurer. MCL 500.3114(1); MSA 24.13114(1); *State Farm Mutual Automobile Ins Co v Hawkeye-Security Ins Co,* 115 Mich App 675; 321 NW2d 769 (1982). Section 3114(3) of the act provides an exception to the general rule:

> "(3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle." MCL 500.3114(3); MSA 24.13114(3).

The trial court determined that an employer-employee relationship existed between plaintiff and his brother-in-law at the time of the accident

and, therefore, plaintiff was precluded from collecting personal injury protection benefits from the defendant under defendant's co-householder policy by virtue of MCL 500.3114(3); MSA 24.13114(3) aforestated. The court reasoned that as an employee of his brother-in-law, plaintiff's only discretion was in finding the highest bidder; the remainder of plaintiff's conduct was determined by the prior oral agreement. The court, in support of that holding, cited *Laughlin v Michigan Motor Freight Lines,* 276 Mich 545; 268 NW 887 (1936), and *Brinker v Koenig Coal & Supply Co,* 312 Mich 534; 20 NW2d 301 (1945). Both of these cases utilize the right of control test involving the doctrine of *respondeat superior* liability. The purpose of this theory is the definition and limitation of the scope of the master's liability under that doctrine. *Nichol v Billot,* 406 Mich 284; 279 NW2d 761 (1979). The test focuses on the right of control, not the actual exercise of control. *Brinker v Koenig Coal & Supply Co, supra.*

The plaintiff contends that the trial court should have utilized the "economic reality" test and not the "right of control" test in determining whether an employer-employee relationship existed, and that, had the court applied the "economic reality" test, it would have found that plaintiff was not an employee. Moreover, plaintiff contends that, if any legal relationship existed at all between the plaintiff and his relative, plaintiff should be considered an independent contractor and therefore he would not be barred from collecting personal injury protection benefits from the defendant by reason of MCL 500.3114(3); MSA 24.13114(3). An independent contractor is one who, carrying on an independent business, contracts to do work without being subject to the right of control by the employer as to the method of work but only as to the

result to be accomplished. *Marchand v Russell,* 257 Mich 96; 241 NW 209 (1932).

In *Tata v Muskovitz,* 354 Mich 695; 94 NW2d 71 (1959), the Supreme Court adopted the economic reality test, discussed in the dissenting opinion of Justice SMITH in *Powell v Employment Security Comm,* 345 Mich 455; 75 NW2d 874 (1956), as a guide in determining the employment relationship for the purpose of the workers' compensation statute. By this test, factors to be considered include: (a) control of the worker's duties, (b) payment of wages, (c) right to hire, fire and discipline, and (d) the performance of the duties as an integral part of the employer's business towards the accomplishment of a common goal. See *Askew v Macomber,* 398 Mich 212; 247 NW2d 288 (1976); *Wells v Firestone Tire & Rubber Co,* 97 Mich App 790; 296 NW2d 174 (1980). Further, in *Goodchild v Erickson,* 375 Mich 289, 293; 134 NW2d 191 (1965), the Supreme Court stated:

"We have, however, abandoned the control test as the exclusive criterion by which the existence of an employee-employer relationship, for the purposes of remedial social legislation, is determined."

The facts of the present case illustrate that there is no claim for workers' compensation benefits nor is *respondeat superior* liability at issue. The question presented is which test shall be applied in determining whether an employer-employee relationship exists under § 3114(3) [MCL 500.3114(3); MSA 24.13114(3)] of the Michigan no-fault act.

The problem of which test to apply in a non-workers' compensation and non-*respondeat superior* circumstance was addressed by the Supreme

Court in *Nichol v Billot, supra.* In that case, the defendant attempted to use the workers' compensation act as a shield to plaintiff's claim for wrongful death. Defendant claimed that he was a co-employee and not an independent contractor and thus was immune from liability under the provisions of the workers' compensation act which bars suit by an employee against a co-employee. MCL 418.827(1); MSA 17.237(827)(1). The Court examined both tests and found that the economic reality test was the appropriate test to determine which individuals should not be subject to the compensation act's bar against common-law remedies. The Court rejected the control test and stated that it had generally been applied to cases involving the vicarious liability of a master for the acts of his servant vis-à-vis a third party. *Nichol, supra,* 295. The Court found that the application of the control test in a tort action where *respondeat superior* liability was not involved was inappropriate. The Court in *Hartford Ins Group v Mile High Drilling Co,* 96 Mich App 455; 292 NW2d 232 (1980), considered the holding of *Nichol* and concluded that the application of the control test to the case at bar was appropriate inasmuch as it involved the issue of *respondeat superior* liability.

This Court is of the opinion that the economic reality test is the more appropriate standard to determine the existence of an employment relationship under the Michigan no-fault act. Further, the exception contained in MCL 500.3114(3); MSA 24.13114(3) of that act relates more clearly to a "commercial" setting by insuring predictability and risk allocation. *State Farm Mutual Automobile Ins Co v Sentry Ins,* 91 Mich App 109; 283 NW2d 661 (1979), *lv den* 407 Mich 911 (1979). Therefore, we hold that the trial court erred in

utilizing the control test. Thus, we would remand this case to the trial court for an evidentiary hearing and a redetermination of whether an employer-employee relationship existed by application of the economic reality test.

We would also remand for a proper determination of the amount of personal injury protection benefits and reasonable attorney fees should the trial court, on reconsideration, determine that plaintiff was not an employee of his brother-in-law, John Giacalone.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.