*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN A. COOK,

      Plaintiff-Appellant,

v

FARM BUREAU LIFE INSURANCE
COMPANY OF MICHIGAN, FARM BUREAU
MUTUAL INSURANCE COMPANY OF
MICHIGAN, and FARM BUREAU GENERAL
INSURANCE COMPANY OF MICHIGAN,

      Defendants-Appellees.

UNPUBLISHED
April 2, 2019

No. 341330
Shiawassee Circuit Court
LC No. 2016-009077-NZ

Before: M.J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

BOONSTRA, J. (*concurring*).

I concur in the result reached by the majority. I write separately because I would affirm for the reasons articulated by the trial court, i.e., that plaintiff, as an independent contractor, may not pursue a claim under the Elliot Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*.

The starting point of my analysis is, of course, the statutory language itself. See *United States Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n* (*On Rehearing*), 484 Mich 1, 13; 795 NW2d 101 (2009). The goal of statutory interpretation is to give effect to the intent of the Legislature. *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 217; 801 NW2d 35 (2011). This Court must enforce clear statutory language as written. *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012).

The ELCRA provides in relevant part that an employer shall not:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual *with respect to employment, compensation, or a term, condition, or privilege of employment*, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

(b) Limit, segregate, or classify *an employee or applicant for employment* in a way that deprives or tends to deprive *the employee or applicant of an employment opportunity*, or otherwise adversely affects the status of *an employee or applicant* because of religion, race, color, national origin, age, sex, height, weight, or marital status. [MCL 37.2202(a), (b) (emphases added).]

The statute thus proscribes certain conduct relating to "employees" and "applicants" for "employment." *Id*. Relevant to a claim of age discrimination, the conduct forbidden includes (1) failing or refusing to hire, recruit, or discharge "an individual with respect to employment, compensation, or a term, condition or privilege of employment" because of age; (2) "otherwise discriminat[ing]" against "an individual with respect to employment, compensation, or a term, condition or privilege of employment" because of age; and (3) depriving an "employee or applicant" of "an employment opportunity" because of age, or otherwise affecting the status of an employee or applicant. *Id*.

This Court has expressly held that "[c]laims against an employer under [MCL 37.2202] may only be brought by employees." *Badiee v Brighton Area Schools*, 265 Mich App 343, 360-361; 695 NW2d 521 (2005). Consequently, and based upon the plain language of the statute, it is inherent within the ELCRA that it relates only to an existing or prospective employment relationship between an employer and employee.

Further, we have expressly held that "[a]n independent contractor is not an employee, and may not bring claims under [MCL 37.2202]." *Id*.; see also *Kamalanth v Mercy Mem Hosp Corp*, 194 Mich App 543, 554; 487 NW2d 499 (1992). An independent contractor has no employment relationship with an employer; rather, the independent contractor "is one who, carrying on an independent business, contracts to do work without being subject to the right of control by the employer as to the method of work but only as to the result to be accomplished." *Parham v Preferred Risk Mut Ins Co*, 124 Mich App 618, 622-623; 335 NW2d 106 (1983), citing *Marchand v Russell*, 25 Mich 96; 241 NW2d 209 (1932).

Plaintiff in this case indisputably was an independent contractor of defendants. Plaintiff and defendant were parties to a Farm Bureau Insurance Agent Agreement (Agreement) that described its purpose as that of "reduc[ing] to writing the objectives, obligations, and responsibilities essential to the relationship between the Agent [plaintiff], *operating as an independent contractor*, and the Companies [defendants]." (Emphasis added).

Moreover, the Agreement contained the following provisions:

Independent Contractor Relationship

The Companies believe that insurance agents who operate as independent contractors are best able to provide the creative selling, professional counseling, and prompt, skillful service essential to the creation and maintenance of successful multiple line insurance companies and agencies. The Companies do not seek, and will not assert, control over the Agent's daily activities, provided that the Agent does not violate applicable laws or any terms of this Agreement or any agreement or guidelines ancillary to this Agreement. The Agent agrees to

exercise his/her own judgment as to the time, place, and manner of soliciting insurance, servicing Michigan Farm Bureau members and Farm Bureau Insurance policyholders and otherwise carrying out the provisions of this Agreement.

\*\*\*

The Agreement

In consideration of the covenants and promises contained in this Agreement and other good and valuable considerations, the Companies and the Agent hereby agree as follows:

\*\*\*

C. Independent Contractor.

1. *The Agent acknowledges that he/she is an independent contractor for all purposes and situations governed by this Agreement. The relationship between the Agent and the Companies created by this Agreement shall be governed by those rules and laws governing the status of and relationships with independent contractors and not those rules and laws governing employer-employee relationships.* Accordingly, the Agent has full control of his/her daily activities, with the right to exercise independent judgment as to the time, place, and manner of soliciting insurance, servicing policyholders, and otherwise carrying out the provisions of this Agreement. The Agent may hire such staff as the Agent deems appropriate for carrying out this Agreement, but the Agent remains responsible for accomplishing the requirements of this Agreement regardless whether performed by the Agent or staff of the Agent. Staff hired by the Agent are not employees of the Companies and shall not be held out as employees or agents of the Companies. The Agent shall be solely responsible for the selection, hiring, compensation, management, control, activities, employment termination and retirement of the Agent's staff. The Agent shall be responsible for ensuring that the Agent's staff is properly licensed and authorized for the activities undertaken on behalf of the Agent

\*\*\*

D. Agent's Responsibilities. The Agent agrees to comply with the Companies' rules and regulations in online manuals pertaining to the policies and products and procedures covered by this Agreement; provided, however, that such rules and regulations shall not interfere with the Agent's status as an independent contractor. [Emphases added.]

-3-

Plaintiff does not dispute that he was an independent contractor; rather, plaintiff's position is that his independent contractor status is "irrelevant" to whether he may assert a cause of action under the ELCRA.[1] The majority also concedes plaintiff's independent contractor status, noting that "[p]laintiff does not dispute that he was an independent contractor." He therefore was not an "employee" or an "applicant" for "employment" under the ELCRA. MCL 37.2202(a), (b).

Under *Badiee*, that should end the inquiry. We are bound by *Badiee* unless or until it has been "reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals." MCR 7.215(J)(1). Neither has occurred. *Badiee* therefore remains controlling. *Id*.

The majority nonetheless effectively concludes that our Supreme Court in *McClements v Ford Motor Co*, 473 Mich 373; 702 NW2d 166 (2005), implicitly (but silently) overruled *Badiee*. I disagree. Not only did the Court in *McClements* not see fit even to mention *Badiee* (much less overrule it), but in my judgment *McClements* simply does not speak to the issue before us. Yet the majority acts to extend *McClements* to a context wholly distinct from anything that I believe the Legislature or the *McClements* Court ever contemplated.

*McClements* did not present a claim by an independent contractor. Rather, the plaintiff in *McClements* was an employee of a third party with which the defendant (Ford) had contracted for cafeteria services. *McClements*, 473 Mich at 379. Far from overruling *Badiee*, either expressly or by implication, the Court in *McClements* merely noted that, in certain unusual situations, a plaintiff may maintain an ELCRA action without establishing a *direct* employer-employee relationship with the defendant, provided that the defendant (1) has the ability to "affect or control a term, condition, or privilege of an individual's employment," and (2) actually takes discriminatory action that adversely affects or controls an individual's employment. *Id*. at 389-390.[2]

---

[1] Plaintiff does not contend that he should be deemed an "employee" of defendants under the economic reality test or otherwise. See *Ashker v Ford Motor Co*, 245 Mich App 9; 627 NW2d 1 (2001); *Wells v Firestone Tire & Rubber Co*, 421 Mich 641, 646; 364 NW2d 670 (1984), quoting *Farrell v Dearborn Mfg Co*, 416 Mich 267, 276; 330 NW2d 397 (1982). Consequently, we need not address any such argument. While it is not important to my analysis, however, I parenthetically note that the United States Court of Appeals for the Sixth Circuit recently noted that it has "time and again declared insurance agents to have independent-contractor status," and it again rejected the claim of a class of insurance agents who claimed that the insurance company defendants had "misclassified them as independent contractors, while treating them as employees." *Jammal v American Family Ins Co*, 914 F3d 449, 451, 460 (2019).

[2] The Court in *McClements* nonetheless held that the plaintiff had failed to raise a genuine issue of material fact regarding whether the defendant had affected or controlled a term, condition, or privilege of her employment, and that the defendant was therefore entitled to summary disposition. *McClements*, 473 Mich at 390.

But in holding under the circumstances presented that there need not exist a direct employment relationship between the plaintiff and the defendant, *McClements* did not legislate away the statutory requirement that *some* employment relationship must be affected. Here, there is none. As noted, plaintiff does not dispute his independent contractor status. Nor does he allege (as was at issue in *McClements*) the existence of any employment relationship that defendant's conduct may have disrupted. Indeed, there was here no employment relationship whatsoever, but only an uncontested independent contractor relationship. *McClements* therefore does not apply in this setting. *Badiee* does, and it is controlling.

I would affirm the trial court's order granting summary disposition in favor of defendant for the reasons articulated by the trial court, i.e., that plaintiff, as an independent contractor, may not pursue a claim under the ELCRA.

I therefore concur in the result reached by the majority.


/s/ Mark T. Boonstra