AUTO CLUB INSURANCE ASSOCIATION v MARYLAND
CASUALTY COMPANY

Docket No. 105164. Submitted February 3, 1989, at Detroit. Decided
May 2, 1989.

Susan Green suffered fatal injuries in an automobile accident
while a passenger in an automobile owned and operated by her
employer, Bruce Galloway. At the time of the accident, Gallo-
way's automobile was insured under a no-fault policy issued by
Maryland Casualty Company and Green owned an automobile
which was insured under a no-fault policy issued by Auto Club
Insurance Association. Auto Club paid personal injury protec-
tion benefits to Green's estate, but then brought an action in
Oakland Circuit Court against Maryland Casualty, seeking a
declaration that defendant was liable for the benefits paid to
the decedent's estate. Defendant counterclaimed for a declara-
tion that plaintiff was liable. Each party moved for summary
disposition, claiming that there existed no genuine issues of
material fact and that it, not the other, was entitled to judg-
ment as a matter of law. The trial court, Robert L. Templin, J.,
denied plaintiff's motion and granted defendant's. Plaintiff
appealed.

The Court of Appeals held:

Under the no-fault automobile insurance act, an injured
person must generally look to his own insurer for payment of
benefits. However, the act provides for an exception in the case
of an employee who suffers injury while occupying a vehicle
owned or registered by the employer. In such case, benefits for
the employee's injury are payable by the employer's no-fault
insurer. Thus, it is plaintiff, not defendant, who is entitled to
summary disposition in this case.

Reversed.

INSURANCE — NO-FAULT — EMPLOYER-OWNED VEHICLES.
The no-fault automobile insurance act provides that in most
situations where an injured person is insured under a no-fault
insurance policy the insured person must seek benefits from his
own insurer; an exception exists where the injured person is an

REFERENCES
Am Jur 2d, Automobile Insurance §§ 354, 368.
See the Index to Annotations under No-Fault Insurance.

employee and is injured while an occupant of a motor vehicle owned or registered by his employer, in which case personal injury protection benefits for the injured person are payable by the employer's no-fault insurer (MCL 500.3114[3]; MSA 24.13114[3]).

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Jeffrey A. Oakes*), and *John A. Lydick,* of Counsel, for plaintiff.

*Franklin, Bigler, Berry & Johnston, P.C.* (by *Steven C. Berry*), for defendant.

Before: DANHOF, C.J., and BEASLEY and MAC-KENZIE, JJ.

PER CURIAM. Plaintiff, Auto Club Insurance Association, appeals as of right from a November 17, 1987, order of the trial court granting summary disposition in favor of defendant, Maryland Casualty Company. We reverse.

This dispute centers on which insurer, plaintiff or defendant, is liable for no-fault personal injury protection benefits arising out of a motor vehicle accident. On April 9, 1986, Susan Green was a passenger in an automobile owned and operated by her employer, Bruce Galloway. The two were travelling back from a social dinner date. The vehicle struck a bridge abutment, resulting in the death of Ms. Green. Mr. Galloway's vehicle was insured by defendant. At the time of the accident, Ms. Green owned an automobile which was insured by plaintiff. Following the accident, plaintiff paid no-fault PIP benefits to Ms. Green's estate. On April 8, 1987, plaintiff filed this action, seeking a declaration that defendant was liable for the benefits both paid and owing. Defendant counter-claimed that plaintiff was liable. Both parties moved for summary disposition under MCR 2.116(C)(10). The trial court granted defendant's motion and denied plaintiff's. Plaintiff appeals.

Section 3114 of Michigan's no-fault act[1] sets forth the rules of priority for determining which insurer implicated in a given accident is obligated to pay benefits. Generally, one looks to the injured person's own insurer for payment of benefits.[2] However, the statute contains certain exceptions to this general rule. At issue in this case is the statutory exception for employer-owned vehicles, which states as follows:

> An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.[3]

Defendant argued below that this exception does not apply to the facts of this case since, although Ms. Green suffered injury while occupying a vehicle owned by her employer, the vehicle had not been "furnished" to her by her employer.[4] In granting defendant's motion, the trial court concluded:

> In this Court's opinion, the word "furnished vehicle" is most important and I must determine whether subsection three applies to the instant case. This determination is dependent upon whether the vehicle owned by the deceased's em-

---

[1] MCL 500.3114; MSA 24.13114.

[2] MCL 500.3114(1); MSA 24.13114(1); *Parks v DAIIE,* 426 Mich 191, 202-203; 393 NW2d 833 (1986).

[3] MCL 500.3114(3); MSA 24.13114(3).

[4] Defendant also argued that the exception was inapplicable because the vehicle was owned by Mr. Galloway "personally, as an individual, not as an employer" of Ms. Green. However, the trial court did not appear to rely on this argument in reaching its decision and, therefore, we decline to address it here except to summarily note that we do not view it as meritorious.

ployer was a "furnished" vehicle. The facts agreed upon by the parties here show that the deceased was merely an occupant of the motor vehicle and did not have possession or control of the vehicle— just a passenger. Further, at the time of the accident the parties were together on a social occasion and there wasn't anything involving work; everything seems to point to it as a social occasion with no business intent. Therefore, this Court finds that the vehicle involved in the accident was not a furnished vehicle as required by subsection three under 3114, and I'm going to deny plaintiff's motion for summary disposition and grant defendant's motion in that regard.

We believe defendant's argument, and the trial court's acceptance of that argument, fly in the face of and do violence to the clear language of the statutory provision. It is undisputed that Ms. Green suffered injury "while an occupant of a motor vehicle owned or registered by the employer." The statute contains no requirement that the injured person have possession or control of the vehicle. On the contrary, the statute expressly provides for recovery from the employer's insurer by *mere* "occupant[s]" of the vehicle. Further, the fact that the accident occurred on a social rather than on a business outing is beside the point in the determination of the applicability of the employer-owned vehicle exception.[5] To the extent that the trial court's interpretation of the phrase "furnished vehicle" as used in the statute contradicts the foregoing, it was in error.

The employer-owned vehicle exception of § 3114(3) governed the proper determination of priority in this case. Under that section, defendant was liable for any benefits payable to Ms. Green's estate arising out of the accident. The trial court's

---

[5] See *State Farm Mutual Automobile Ins Co v Hawkeye-Security Ins Co,* 115 Mich App 675, 679-681; 321 NW2d 769 (1982).

order granting summary disposition in favor of defendant is reversed, as is its denial of plaintiff's motion for summary disposition.

Reversed.