MICHIGAN BASIC PROPERTY INSURANCE ASSOCIATION v WARE
DANIELS v WARE

Docket Nos. 193707, 193712. Submitted May 6, 1998, at Detroit. Decided
May 22, 1998, at 9:15 A.M. Leave to appeal sought.

Michigan Basic Property Insurance Association brought an action in
the Wayne Circuit Court against Mildred E. Ware, personal repre-
sentative of the estate of James Ware, deceased, and Jerry E. and
Harold Stehlik, seeking to recover, as subrogee of its insureds, for
damages resulting from an explosion and fire that occurred in 1994
at residential property that James Ware had owned and the Stehliks
had acquired through a tax deed. The incident occurred on the date
that a notice to quit the premises served on Ware's daughter, who
was inhabiting the premises, had directed her to vacate the prem-
ises. James Ware and others were injured in the explosion and fire.
James Ware died intestate several days later and was survived by
his wife and several children. James Ware had won a lottery jack-
pot in 1986 and was to receive installments each year for twenty
years.

Willie Daniels, individually and as next friend of Terrance, Earl, and
Ron Daniels, minors, and others also brought an action in the
Wayne Circuit Court against the same defendants, seeking damages
resulting from the fire and explosion. The court, John A. Murphy,
J., consolidated the two cases for discovery and trial. The personal
representative of Ware's estate sought a declaration regarding
whether the continuing payments of Ware's lottery winnings would
be subject to the plaintiffs' claims in the event that they prevailed
in their suits against the estate. The court ruled that the remaining
lottery payments would pass directly to Ware's surviving spouse
and children and would not be subject to process by the judgment
creditors of the estate. The Court of Appeals granted leave to file
interlocutory appeals to Michigan Basic Property Insurance Associ-
ation (Docket No. 193707) and the other plaintiffs (Docket No.
193712) and consolidated the appeals.

The Court of Appeals held:

1. The two exceptions to the general nonassignability of lottery
prizes in effect before the amendment of MCL 432.25; MSA
18.969(25) by 1988 PA 243, whereby winnings could be paid to a

deceased prizewinner's estate or to a person pursuant to an appropriate judicial order, were increased to three by 1988 PA 243, which allowed payments directly to a deceased prizewinner's surviving spouse or living children or other designated beneficiaries.

2. The additional exception requires that the winnings of a deceased prizewinner should be paid to the decedent's estate only if the decedent has no surviving spouse or child and has designated no other beneficiary. Only when the estate stands to receive the winnings in this manner are those winnings subject to attachment by a person through an appropriate judicial order.

3. The administrative rule by the Bureau of State Lottery cited by the plaintiffs, 1979 AC, R 432.17(4), was promulgated before the amendment in 1988 and does not take the amendment into account. The rule affords no basis for circumscribing the provisions of the amended statute.

4. The legislation whereby the Legislature created an avenue through which lottery winnings may pass as nonprobate assets does not conflict with the Revised Probate Code.

5. Because 1988 PA 243 was well in place before any party to the instant dispute acquired an interest in the remaining payments of the decedent's winnings from the prize won in 1986, there is no retroactive application of 1988 PA 243 involved in these cases.

Affirmed.

1. LOTTERIES — ASSIGNMENT OF LOTTERY WINNINGS.

Section 25 of the Lottery Act provided before its amendment in 1988 two exceptions to the general nonassignability of lottery prizes: winnings could be paid to a deceased prizewinner's estate or to a person pursuant to an appropriate judicial order; the 1988 amendment established a third distinct exception by providing for payments directly to a deceased prizewinner's surviving spouse or living children or other designated beneficiaries; the amendment to allow prize money to bypass the decedent's estate as nonprobate assets and go directly to the survivors indicated requires that the winnings of a deceased prizewinner should be paid to the decedent's estate only if the decedent has no surviving spouse or child and has designated no other beneficiary; only when the estate stands to receive the winnings because of the lack of a surviving spouse, child, or other designated beneficiary are those winnings subject to attachment by a person through a judicial order as provided by § 25 (1988 PA 243, MCL 432.25[1], [2]; MSA 18.969[25][1], [2]).

2. STATUTES — JUDICIAL CONSTRUCTION — ADMINISTRATIVE AGENCY INTERPRETATIONS.

An administrative agency's interpretation of a statute may be afforded some deference by the Court of Appeals but is not binding on the Court and cannot be used to override the plain meaning of the statute.

*Patrick, Johnson, King & Gilbert, P.C.* (by *Paul H. Johnson, Jr.,* and *David G. Stobb*) and *Jon Shefferly & Associates, P.C.* (by *Jon B. Shefferly* and *Todd E. Briggs*), for Michigan Basic Property Insurance Association.

*Leib, Leib and Kramer, P.C.* (by *Lawrence J. Leib*), for Willie Daniels, individually and as next friend of Terrance, Earl, and Ron Daniels, minors, Barbara Daniels, Theresa and Rena McKinney, Cora and Marilyn LeFlore, Alan and Audrey Stone, Dorothy Zillner, Brenda and John Chavis, Lee B. Campbell, George Draughn, Martha Draughn, individually and as next friend of Rickey and Tamika Draughn, minors, Earl, Dorothy, and Tina Green, Theodore and Judith McDowell, Edward and Jane Mgee, Kevin and Jackie Harris, Warren Zott, Mary Fisher, First Baptist Church.

*Baggett-Hayes & Bates, P.C.* (by *Earlene R. Baggett-Hayes*), for Mildred E. Ware, Personal Representative of the estate of James Ware, deceased.

Before: NEFF, P.J., and O'CONNELL and YOUNG, JR., JJ.

O'CONNELL, J. The sole issue in these interlocutory appeals is whether judgment creditors of a decedent's estate may collect from continuing installments of prize money issuing from the decedent's participation in the state lottery. The trial court ruled that the proceeds are to be paid directly to the decedent's surviv-

ing spouse and children and are not subject to process by the estate's creditors. We affirm.

In November 1986, James Ware won $2,000,000 in the state Jackpot Super Lotto, the winnings to be paid in installments of $100,000 each year for twenty years.

Ware owned residential property at 19167 Gilchrist in Detroit, but failed to pay the property taxes, and defendants Jerry and Harold Stehlik acquired the property through a tax deed. On September 28, 1994, a notice to quit the premises was served on Ware's daughter, who was inhabiting the property, directing her to vacate the premises by October 29, 1994. On the latter date, an explosion and fire occurred on this property, resulting in extensive personal injury and property damage. Ware himself was severely injured in the incident, succumbing to the injuries several days afterward. Ware died intestate, survived by his wife and several children.

Several individuals injured in the explosion and fire, and the insurer of several property owners who suffered losses in the incident, commenced actions against Ware's estate, alleging that Ware had intentionally caused the conflagration. The cases were consolidated for discovery and trial.

The personal representative of Ware's estate asked the circuit court for a declaratory judgment concerning whether the continuing payments of Ware's lottery winnings would be subject to the claims of plaintiffs in the event that they prevailed in their suits against the estate. After hearing arguments regarding the motion, the court ruled that the remaining lottery payments would pass directly to Ware's immediate family members and outside the reach of Ware's judgment

creditors. After the court denied a motion for reconsideration, plaintiffs filed separate applications to this Court for leave to file interlocutory appeals of the court's ruling. This Court initially denied leave, but upon reconsideration granted leave and consolidated the appeals.

The question whether judgment creditors of the estate of a lottery prizewinner who died intestate leaving a spouse and children may collect from the continuing lottery payments is a matter of first impression. The legislation governing this controversy read at the time relevant to these appeals as follows:

> (1) The right of any person to a prize drawn from the state lottery is not assignable, except that payment of any prize drawn may be paid to the family members or to the estate of a deceased prizewinner as provided in subsection (2), to a person pursuant to an appropriate judicial order, or to the state pursuant to section 32 [if the prizewinner has a liability to the state, or a support arrearage]. The commissioner shall be discharged of all further liability upon payment of a prize pursuant to this section.
>
> (2) If a prizewinner dies before collecting the full amount of his or her prize drawn from the state lottery, the bureau shall continue to make the remaining prize payments to the prizewinner's surviving spouse and the prizewinner's living children, in equal proportions, unless otherwise directed by the prizewinner. If there is not a surviving spouse or living children or other designated beneficiaries, the remaining prize payments shall be made to the prizewinner's estate. [MCL 432.25; MSA 18.969(25).]

We review questions of statutory construction de novo. *Haworth, Inc v Wickes Mfg Co*, 210 Mich App 222, 227; 532 NW2d 903 (1995). Plaintiffs argue that the statute expressly permits creditors to reach the lottery winnings through an "appropriate judicial

order," that the administrative rules from the Bureau of State Lottery reflect a legislative intent to allow creditors to garnish such payments, that the statute should not be read to abrogate provisions of the Revised Probate Code that afford creditors access to a decedent's estate, and, alternatively, that because the statutory language providing for payments of lottery winnings directly to family members of a deceased prizewinner was added by 1988 PA 243, effective July 11, 1988, it should not be applied retroactively to cover proceeds from Ware's 1986 lottery jackpot.

Regarding the statutory language itself, plaintiffs emphasize the provision for payment to "a person pursuant to an appropriate judicial order" in subsection 25(1), arguing that this language expressly preserves plaintiffs' right to seek court orders attaching the continuing lottery payments. However, the trial court concluded that subsection 25(1) establishes three distinct exceptions to its general rule prohibiting assignments of lottery prizes and that where the facts call for exercise of the provision for payments directly to a deceased prizewinner's family, that provision must control. We agree.

The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Haworth, supra* at 227. To the extent possible, each provision of a statute should be given effect, and each should be read to harmonize with all others. *Gebhardt v O'Rourke,* 444 Mich 535, 542; 510 NW2d 900 (1994). Where a specific statutory provision differs from a related general provision, the specific one controls. *Id.* at 542-543. In the instant case, the plain wording of subsection 25(2) states that the winnings

of a deceased prizewinner should be paid to the decedent's estate only if the decedent has no surviving spouse or children and has designated no other beneficiary. Giving full effect to this specific and unambiguous language suggests that only when the estate stands to receive the winnings as provided by subsection 25(2), for lack of a surviving spouse, children, or other designated beneficiary, are those winnings subject to attachment by a person through a judicial order as provided by subsection 25(1). This construction recognizes the specificity of the provision for distributing a deceased lottery winner's prize money directly to the decedent's spouse and children, or named beneficiaries, where such exist, while recognizing also the provision for payment to a person pursuant to a judicial order where the winnings are instead paid directly into the estate.

Further, the conformity of this construction with legislative intent is apparent from the history of the legislation in question. Before the 1988 amendment, MCL 432.25; MSA 18.969(25) announced only two exceptions to the general nonassignability of lottery prizes—that winnings could be paid to a deceased prizewinner's estate or to a person pursuant to an appropriate judicial order. When the Legislature promulgates new legislation, it is presumed to do so with knowledge of related existing legislation and to have intended to effect a change. *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993). Thus, the Legislature's amendment covering distribution of lottery winnings due a prizewinner who has died leaving immediate family or a designated beneficiary should be understood as a manifestation of the specific legislative intent to alter existing law to allow

such prize money to bypass the decedent's estate and go directly to the survivors indicated. See *Webster v Rotary Electric Steel Co*, 321 Mich 526, 531; 33 NW2d 69 (1948) ("Every part of the amendatory act should be given effect, if possible."). As the trial court observed, "in so amending the statute the Legislature gave no hint that it intended the interests of the creditors to hold sway."

Nor does an administrative rule promulgated before the 1988 amendment undermine its effect. Plaintiffs rely on 1979 AC, R 432.17(4):

> Upon the death of a prize winner who has not yet collected the full amount of his prize, the bureau shall continue payment to the estate of the winner until the full amount is paid unless instructed by an appropriate court order to make payment to another recipient. Payment of prize money shall not be accelerated before its normal date of payment because of the death of a prize winner.

This rule clearly reflects MCL 432.25; MSA 18.969(25) as it read before the 1988 amendment. Although this Court may afford an administrative agency's interpretation of a statute some deference, the agency's interpretation is not binding on this Court and cannot be used to override the plain meaning of the statute. *Watson v Bureau of State Lottery*, 224 Mich App 639, 649; 569 NW2d 878 (1997), citing *Ludington Service Corp v Acting Comm'r of Ins*, 444 Mich 481, 505; 511 NW2d 661 (1994), amended 444 Mich 1240 (1994). This principle applies particularly where, as here, the rule cited does not take into account subsequent legislative enactments. Accordingly, 1979 AC, R 432.17(4) affords no basis for circumscribing the provisions now in place under MCL 432.25; MSA 18.969(25) for paying lottery proceeds directly to the

immediate family or named beneficiary of a deceased prizewinner.

Regarding plaintiffs' argument that the circuit court's interpretation of the statute creates conflict with the Revised Probate Code, plaintiffs' reliance on the latter in hopes of tapping Ware's lottery prize is misplaced. Plaintiffs cite MCL 700.117; MSA 27.5117, which provides for recovery of charges against an intestate estate, and MCL 700.192; MSA 27.5192, which establishes the priority of such claims. Although those provisions do provide judgment creditors with access to a decedent's estate, they do not apply in the instant case because Ware's continuing lottery payments will go directly to his family members and never be part of Ware's estate. The Legislature has created an avenue through which lottery winnings may pass as nonprobate assets. Thus, there is no conflict between the legislation at issue and the Revised Probate Code.[1]

---

[1] Nor does this construction of the Lottery Act conflict with *Watson*, *supra*, or *B P 7 v Bureau of State Lottery*, 225 Mich App 811; 572 NW2d 663 (1977), vacated 225 Mich App 811 (1997). Both cases concerned prizewinners wishing to assign continuing lottery installments to a corporation in exchange for present cash value. In *Watson*, a panel of this Court affirmed a judicial order allowing the assignments, but in *B P 7* another panel affirmed such a judicial order only because it was obliged to follow *Watson*. Because both cases concerned voluntary assignments by the prizewinners of future lottery installments in exchange for present cash value, those cases, and the pending decision by the conflict panel, see *id.*, have no bearing on the instant case. Where, as here, the prizewinner dies before collecting all the prize, because the applicable statute specifically provides for the payment of the continuing installments directly to the prizewinner's immediate family members or designated beneficiary, the interest of such survivors in the remaining prize vests immediately upon the prizewinner's death. Thus, no "appropriate judicial order" will allow *potential* creditors, who have yet to prove their case against the estate, to claim an interest in winnings passing directly to those others as a nonprobate asset.

Finally, we find no merit in plaintiffs' argument that the 1988 amendment of MCL 432.25; MSA 18.969(25) should not be applied to a prize won in 1986. Generally, statutes are presumed to operate only prospectively. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 680; 423 NW2d 311 (1988). However, applying the 1988 amendment to the facts of this case does not create a controversy concerning this principle. Although Ware won his lottery prize two years before the subsection 2 relevant to these appeals was added to MCL 432.25; MSA 18.969(25), that addition came several years before Ware's death and before plaintiffs made any claims against Ware's estate. Because the legislation governing the distribution of a decedent's lottery winnings was well in place before any party to the instant dispute acquired an interest in those winnings, there is no retroactive application of that legislation at work. Further, even if the application of MCL 432.25(2); MSA 18.969(25)(2) in this case were retroactive, that application would be appropriate. Statutes that operate in furtherance of existing remedies, and that neither create new rights nor destroy rights already existing, are held to operate retroactively unless a different intent is clear. *In re Certified Questions (Karl v Bryant Air Conditioning Co),* 416 Mich 558, 572; 331 NW2d 456 (1982). Thus, because no party had a vested right in Ware's lottery proceeds when the 1988 amendment took effect, retroactive application of the distribution scheme of MCL 432.25(2); MSA 18.969(25)(2) would be appropriate.

Affirmed.