VITALE v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 200452. Submitted January 6, 1999, at Detroit. Decided January 22, 1999, at 9:20 A.M. Leave to appeal sought.

Joseph Vitale, Jr., brought an action in the Wayne Circuit Court against Auto Club Insurance Association and Meridian Mutual Insurance Company, seeking no-fault personal protection insurance benefits for injuries he sustained in an accident while driving an automobile provided to him by a former employer as part of his severance package. At the time of the accident, Auto Club was the insurer of automobiles owned by the plaintiff, and the plaintiff's former employer, pursuant to the terms of the severance agreement, was not obligated to insure the automobile it provided to the plaintiff. Meridian Mutual, the insurer of the former employer's fleet of automobiles, moved for summary disposition, arguing that because the plaintiff was not an employee of his former employer at the time of the accident, Meridian Mutual cannot be liable for personal protection insurance benefits under subsection 3114(3) of the no-fault act, MCL 500.3114(3); MSA 24.13114(3), which provides that an employee who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection benefits from the insurer of the furnished vehicle. The court, Sharon Tevis Finch, J., granted the motion. Auto Club, which was left solely liable for benefits, appealed.

The Court of Appeals *held*:

The Legislature intended subsection 3114(3) to cover only active, presently existing employment relationships. In this case the employment relationship between the plaintiff and the former employer that furnished him the automobile had long ceased before the accident; the trial court properly ruled that the plaintiff was not an employee for purposes of subsection 3114(3).

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — EMPLOYER-FURNISHED AUTOMOBILES.

The provision in the no-fault act stating that an employee who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protec-

tion insurance benefits from the insurer of the furnished vehicle requires an active, presently existing employment relationship and therefore does not apply to a person who sustains injury while occupying a motor vehicle provided to the person by a former employer as part of a severance package (MCL 500.3114[3]; MSA 24.13114[3]).

*Becker, Lanctot, McCutcheon, Schoolmaster, Taylor & Hom* (by *Edwin F. Dyer, II*) (*John A. Lydick*, of Counsel), for Auto Club Insurance Association.

*Garan, Lucow, Miller, Seward & Becker, P.C.* (by *Robert D. Goldstein* and *James L. Borin*), for Meridian Mutual Insurance Company.

Before: HOEKSTRA, P.J., and DOCTOROFF and O'CONNELL, JJ.

O'CONNELL, J. This case involves a priority dispute between two no-fault insurers. At issue is whether a person injured in an accident involving a motor vehicle provided to that person by a former employer as part of a severance package remains an "employee" for purposes of triggering an employer's insurer's obligation to provide coverage under subsection 3114(3) of the no-fault act.[1] We agree with the trial court that subsection 3114(3) is inapplicable here.

Plaintiff sustained bodily injuries in October 1994 in an accident while operating a 1991 Chrysler New Yorker leased to his former employer, The Greeson Company. The employment relationship between plaintiff and Greeson ended in June 1993, but plaintiff retained possession of the company car pursuant to the terms of a severance agreement, which provided that Greeson would transfer ownership of the New

---

[1] MCL 500.3114(3); MSA 24.13114(3).

Yorker to plaintiff at the end of the lease period, and that beginning January 1, 1994, Greeson would have no further obligation to maintain insurance on the vehicle. At the time of the accident, Greeson had yet to transfer ownership of the vehicle to plaintiff.

When the accident occurred, defendant Meridian Mutual Insurance Company insured the New Yorker under a fleet no-fault policy provided to Greeson. Plaintiff insured his own automobiles, other than the New Yorker, through defendant Auto Club Insurance Association (ACIA). After his accident, plaintiff filed claims for personal protection benefits with both insurers, both of which denied coverage. Plaintiff brought suit against both. Meridian filed a motion for summary disposition, arguing that because plaintiff was not Greeson's employee at the time of the accident, plaintiff could not be characterized as an employee occupying an employer-furnished vehicle, thus leaving ACIA as the first-priority provider of benefits under subsection 3114(3). ACIA responded that Greeson's severance agreement with plaintiff constituted a substantial continuing employment arrangement between the two, leaving Meridian as the first-priority provider. After entertaining arguments, the circuit court granted Meridian's motion and dismissed Meridian from the action.

A person injured in an automobile accident normally relies on the person's own insurer for benefits. MCL 500.3114(1);   MSA 24.13114(1); *Auto Club Ins Ass'n v Maryland Casualty Co*, 177 Mich App 40, 42; 441 NW2d 16 (1989).   However, subsection 3114(3) provides an exception for employer-provided vehicles: "An employee . . . , who suffers accidental bodily injury while an occupant of a motor vehicle owned or

registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle." The sole issue in this appeal is whether, for purposes of subsection 3114(3), plaintiff was an employee of Greeson at the time of his accident. We hold that he was not.

Statutory interpretation is a question of law calling for review de novo. *Michigan Basic Property Ins Ass'n v Ware*, 230 Mich App 44, 48; 583 NW2d 240 (1998). "The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature." *Id.* at 49. "[T]he meaning of the Legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions used are to be taken in their natural and ordinary sense." *Gross v General Motors Corp*, 448 Mich 147, 160; 528 NW2d 707 (1995). We hold that subsection 3114(3), by its plain terms, embraces only current employees, not former employees.

ACIA relies on *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84; 549 NW2d 834 (1996), to support its assertion that the trial court construed the term "employee" too narrowly. In *Celina*, our Supreme Court determined that a self-employed person constitutes an employee for purposes of subsection 3114(3), broadly construing statutory language "designed to allocate the cost of injuries resulting from use of business vehicles to the business involved through the premiums it pays for insurance." *Celina, supra* at 89. The Court eschewed mere reliance on dictionary definitions suggesting that the employer-employee relationship requires more than a single individual or entity and chose not to follow appellate decisions

concerning whether a sole proprietor is an employee for purposes of the Worker's Disability Compensation Act. *Id.* at 88-90. ACIA therefore argues that plaintiff, having been injured in an accident involving a company car leased to Greeson, was Greeson's employee under the broad definition of that term.

However, we find *Celina* to be distinguishable from the present case. In *Celina*, there was no dispute that the injured party was hurt in the course of his employment, albeit self-employment. *Id.* at 87. In the instant case, the undisputed facts indicate that the employment relationship between plaintiff and Greeson was long past and that plaintiff was not in any way operating the New Yorker in the service of Greeson, when the accident occurred. Enjoyment of the fruits of a severance benefit does not constitute continuing employment for purposes of subsection 3114(3). Under these facts, construing the term "employee" to include a former employee who had performed no work for the former employer since accepting a severance package over a year before the accident would be wholly inconsistent with the commonly understood meaning of the term. Accordingly, we conclude that the Legislature intended subsection 3114(3) to cover only active, presently existing employment relationships and that the circuit court properly so ruled.

Affirmed.