# STATE OF MICHIGAN

# COURT OF APPEALS

ALI EL-NAJJAR,

        Plaintiff,

and

ASSOCIATED SURGICAL and NIDA HAMID
PSY.D., P.L.L.C.,

        Intervening Plaintiffs.

v

DAVID LEE WILSON,

        Defendant,

and

ARGONAUT INSURANCE COMPANY,

        Defendant-Appellee,

and

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
January 26, 2017

No. 329468
Wayne Circuit Court
LC No. 14-010090-NI

---

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

        In this interlocutory appeal involving a priority dispute under Michigan's No Fault Insurance Act, MCL 500.3101 *et seq*., defendant-appellant, Allstate Property and Casualty

Insurance ("Allstate"), appeals by leave granted[1] the circuit court's order granting summary disposition to defendant-appellee, Argonaut Insurance ("Argonaut"), pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). At issue is whether the trial court erred in concluding that there was no genuine issue of material fact as to whether plaintiff, Ali El-Najjar, was a self-employed sole proprietor at Conz Auto Repair ("Conz Auto"), wherein the priority dispute would be governed by *Celina Mut In Co v Lake States Ins Co,* 452 Mich 84; 549 NW2d 834 (1996). For the reasons set forth below, we reverse the trial court's order and remand the matter for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On May 10, 2014, plaintiff allegedly suffered injuries when defendant, David Lee Wilson, failed to yield when turning at an intersection and crashed into the car plaintiff was driving. Plaintiff was driving a 2003 Nissan owned by Conz Auto, a used car business solely owned by plaintiff. Conz Auto was insured under a "garage coverage" policy issued by "Argonaut Midwest Insurance" that included PIP benefits, while plaintiff's personal vehicles were covered under an insurance policy issued by Allstate that named plaintiff as an insured and also included PIP benefits. After defendants Allstate and Argonaut declined to pay plaintiff uninsured motorist or PIP benefits, plaintiff filed a three-count complaint against Wilson and the defendant insurance companies seeking uninsured motorist benefits and PIP benefits from the insurance companies in Counts I and III, and damages arising from Wilson's alleged negligence in Count II.[2]

## A. DEPOSITION TESTIMONY

At his February 11, 2015 deposition, plaintiff testified that at the time of the accident, he worked full-time for First Merit Bank as a branch manager and was also the sole owner of and the registered agent for Conz Auto. He testified that he had purchased Conz Auto purely for investment purposes. Plaintiff explained that "Alex" managed Conz Auto while "Frank" managed Wayne Auto Center, plaintiff's other used-car business; plaintiff could not remember either man's last name. Plaintiff denied being involved in the day-to-day operations of the businesses, purchasing cars for the businesses, being "in charge," or monitoring the books. He said that, on the day of the accident, he had taken the Nissan from Conz Auto to test drive it for the weekend to see if he wanted to buy it. After the accident, repairs to the Nissan were begun at Wayne Auto Center and finished at Conz Auto. Plaintiff said that it took about two months to

---

[1] *Ali El-Najjar v David Lee Wilson*, unpublished order of the Court of Appeals, entered March 17, 2016 (Docket No. 329468).

[2] Plaintiff later amended his complaint by stipulation to add Universal Underwriters Insurance Company as a party defendant to Count III, and Associated Surgical and Dr. Nida Hamid successfully moved to intervene as party plaintiffs in order to obtain payment for healthcare and neuropsychological services allegedly provided to plaintiff. The trial court granted Universal Underwriter's motion for summary disposition on May 21, 2015, and neither Associated Surgical nor Dr. Hamid are involved in the current appeal.

repair the Nissan, after which he took the car to his home. The Nissan was still in plaintiff's possession at the time of his deposition, and plaintiff said that he would buy the car, but had not done so yet.

"Frank" turned out to be a nickname for Fouad Chedid, one of plaintiff's uncles. At his June 15, 2015 deposition, Fouad testified that he currently worked regular, part-time hours at Conz Auto delivering parts and occasionally picking up customers, and that plaintiff paid him every week. He worked with "Sam" and "Mo," and never heard of anyone named "Alex." [3] Fouad testified that plaintiff was his boss, but he did not think that plaintiff managed Conz Auto, and he did not know who did. According to Fouad, plaintiff came into Conz Auto about every other day and went into the office. Fouad did not know where the cars for sale at Conz Auto came from, but thought that "Mo" probably bought them. Fouad thought "Mo" probably sold the cars, too, but did not know whether plaintiff was involved in sales.

"Alex" and "Mo" turned out to be two different nicknames for the same person, Melhem Chedid. Melhem is Fouad's brother and another of plaintiff's uncles. At his July 8, 2015 deposition, Melhem testified that he was the manager of Conz Auto, in which capacity he oversaw repairs and maintenance and told people the prices of the cars that were for sale, among other things. He testified that plaintiff was "the boss," and that plaintiff purchased the cars for sale, set the selling price, paid the employees (plaintiff's uncles), sold cars to customers, was involved in the purchase of parts and supplies, gave instructions regarding the servicing of cars for sale, handled insurance coverage for the business, and made the significant business decisions. Melhem testified that plaintiff worked at a bank, but that he also came into the shop two to four times a week in the mornings, afternoons, or on weekends, and went into his office, where Melhem assumed plaintiff was doing paperwork. There were no set days that plaintiff would come into the office, and no set number of hours that he stayed when he did come in.

## B. SUMMARY DISPOSITION MOTION

Argonaut moved for summary disposition on June 15, 2015, after plaintiff's deposition, on the same day as Fouad's deposition, and prior to Melhem's deposition. Relative to the instant appeal, Argonaut observed that plaintiff was employed by First Merit Bank and that he purchased Conz Auto for investment purposes only, and argued that he was "not an employee of the business and had no involvement in the operation of the business, including the finances and purchase/sale of motor vehicles." Argonaut also pointed out that at the time of the accident, plaintiff was named as an insured on a policy issued by Allstate that provided for PIP benefits. Accordingly, Argonaut asked the court to find that Allstate has priority for plaintiff's PIP benefits, and to dismiss all of plaintiff's claims against Argonaut.

In opposing the motion, Allstate argued that granting summary disposition to Argonaut was inappropriate because a material question of fact remained regarding plaintiff's involvement

---

[3] Fouad denied knowing "Mo's" last name or whether that was just the person's nickname; as is noted below, "Mo's" actual name is Melhem Chedid; he is also known as "Alex." "Sam" is Sadek Chedid.

in Conz Auto. In support of its position, Allstate quoted excerpts from Fouad's and Melhem's deposition testimony that contradicted Argonaut's assertion that plaintiff was not involved in the day-to-day operations or the purchase of vehicles for Conz Auto. Allstate contended that the Chedids' testimony raised a question of fact regarding whether plaintiff was an "employee" of Conz Auto for purposes of MCL 500.3114(3), and, furthermore, that summary disposition was premature while there remained relevant outstanding discovery requests. The gravamen of Allstate's assertion that plaintiff was an "employee" of Conz Auto at the time of the accident was that plaintiff's activities on behalf of Conz Auto constituted self-employment, thus making MCL 500.3114(3) applicable pursuant to *Celina Mut Ins Co*, 452 Mich 84 (holding that MCL 500.3114(3) applied in the case of injuries to a self-employed person).

In its reply brief, Argonaut argued that the economic reality test was the appropriate test to use in determining whether plaintiff was an employee of Conz, and asserted that, under this test, plaintiff was not an employee. Argonaut supported its assertion with excerpts from the deposition transcripts of Fouad, Melhem, and Sadek "Sam" Chedid, and summarized its position as follows:

> [Plaintiff] can't be both a full time employee of First Merit Bank and self-employed. There is no evidence to dispute that he was an employee of First Merit Bank. There is no evidence that he was self-employed or an employee of Conz Auto. There is no case law holding that the owner of a business that is purchased for investment purposes is an employee of the business even if he/she does not have any work duties, responsibilities or involvement in the operation of the business and is employed elsewhere.

At the hearing on its summary disposition motion, Argonaut reiterated that plaintiff was not involved in the day-to-day operation of Conz Auto, which he had purchased only for investment purposes. Argonaut's counsel read for the trial court the favorable excerpts from the Chedids' deposition testimony that Argonaut had quoted in its reply brief. Allstate's counsel responded by observing that Argonaut had cherry-picked portions of the depositions to present to the trial court and ignored the rest, then summarized some of Melhem's and Fouad's responses that were unfavorable to Argonaut's position. The trial court granted Argonaut's summary disposition motion on the ground that Allstate could not "demonstrate" or "prove" that plaintiff was a self-employed sole proprietor of Conz Auto.

-4-

## II. ANALYSIS

Allstate first argues that the trial court erred in granting Argonaut's motion for summary disposition under MCR 2.116(C)(10) because the deposition testimony of Fouad and Melhem regarding plaintiff's involvement in Conz Auto was sufficient to create a genuine issue of material fact regarding plaintiff's status as a self-employed sole proprietor of Conz Auto. We agree.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). If the documentary evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, the trial court may grant the motion. *Id*. MCR 2.116(C)(10), (G)(4). Thus, in deciding a motion for summary disposition under MCR 2.116(C)(10), "[t]he test is whether the record which might be developed, giving the benefit of the doubt to the opposing party, would leave open an issue upon which reasonable minds might differ." *Citizens Ins Co of America*, 179 Mich App 461, 464; 446 NW2d 482 (1989).

Generally, a person must seek benefits from his or her own no-fault insurer. MCL 500.3101(1)[4]; MCL 500.3114(1)[5]; *Vitale v Auto Club Ins Assn*, 233 Mich App 539, 541; 593 NW2d 187 (1999) ("A person injured in an automobile accident normally relies on the person's own insurer for benefits"). However, MCL 500.3114(3) provides the following exception in the commercial context:

> An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

In *Celina Mut Ins Co*, 452 Mich 84, the Michigan Supreme Court addressed whether MCL 500. 3114(3) applied "when the injured person is operating an insured vehicle in the course of self-employment." *Celina*, 452 Mich at 85. On one side of the priority dispute between two

---

[4] MCL 500.3101(1) states in relevant part, "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance."

[5] MCL 500.3114(1) states in relevant part, "[e]xcept as provided in subsections (2), (3), and (5), a personal protection insurance policy described in MCL [500.]3101(1) applies to accidental bodily injury to the person named in the policy . . . if the injury arises from a motor vehicle accident."

no-fault insurers was the plaintiff, Celina Mutual, which had issued a no-fault policy to Rood's Wrecker and Mobile Home Service, a business owned by the injured party, Robert Rood. *Celina*, 452 Mich at 86. On the other side of the dispute was the defendant, Lake States Insurance, which insured three cars owned by Mr. Rood. *Id*. Mr. Rood was driving a wrecker owned by his business while towing another wrecker, also owned by his business, when the latter "broke free from its hitch and went off the road, and the cable between the two wreckers caused the one driven by Mr. Rood to roll over." *Id*. Among other things, Lake States argued that Celina Mutual had a higher priority pursuant to MCL 500.3114, and the trial court agreed, accordingly concluding that Celina Mutual, the insurer of the business, was "solely responsible for no-fault benefits." *Id.*

This Court reversed, "concluding that a sole proprietor was not an 'employee' for the purpose of § 3114(3)." *Id*. In reaching this conclusion, the Court examined the definitions of "employee" and "employer" found in *Black's Law Dictionary*, finding implicit in the definitions "the assumption that the existence of an employer-employee relationship requires more than one individual or entity[.]" *Id*. at 88. From this assumption, the Court concluded that "a sole proprietor like Rood cannot be an employee of his proprietorship[,]" and buttressed its position by analogizing to cases decided in the context of worker's compensation. *Id*. However, Michigan's Supreme Court reversed this Court and reinstated the trial court's judgment, determining that the protection the worker's compensation scheme afforded employers did not apply in the sole proprietorship context. The Court reasoned as follows:

> We believe that it is most consistent with the purposes of the no-fault statute to apply § 3114(3) in the case of injuries to a self-employed person. The cases interpreting that section have given it a broad reading designed to allocate the cost of injuries resulting from use of business vehicles to the business involved through the premiums it pays for insurance. [*Id*. at 89.]

Argonaut based its motion for summary disposition on the inapplicability of MCL 500.3114(3) because plaintiff "was not an employee of [Conz Auto] and had no involvement in the operation of the business, including the finances and purchase/sale of motor vehicles." As previously described, in opposing Argonaut's motion, Allstate presented sworn deposition testimony from the Chedids, Melhem in particular, indicating that, despite his full-time job with First Merit Bank, plaintiff was at Conz Auto between two and four times a week. Plaintiff purchased cars to sell, gave instructions regarding the servicing of cars for sale, was involved in the purchase of parts and supplies, set the selling price for the cars on the lot, and sold cars to customers. In addition, he paid the employees, handled insurance coverage for the business, and made the significant business decisions. The Chedids' depositions had not been taken when Argonaut filed its summary disposition motion, and after obtaining the deposition transcripts, Argonaut simply ignored responses by Fouad and Melhem that contradicted plaintiff's position and focused instead on responses that supported plaintiff's claim of noninvolvement with Conz Auto. Argonaut also argued that plaintiff could not be self-employed at Conz Auto because he was employed full-time by First Merit Bank.

Viewed in the light most favorable to Allstate, *id*., the Chedids' deposition responses show that there are questions of material fact about plaintiff's involvement with Conz Auto, and

that plaintiff was not the mere investor that he claimed to be. Although the Chedids' deposition testimony lacks internal consistency, this is not fatal to Allstate's appeal. See *Citizens Ins Co of America v Auto Club Ins Ass'n*, 179 Mich App 461, 465; 446 NW2d 482 (1989) (where the parties' conflicting evidence did not preclude the defendant from establishing questions of fact regarding the injured party's employment status). Further, "[t]he trial court is not permitted to assess credibility, or to determine facts on a motion for summary disposition." *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). Argonaut's assertion that full-time employment at one place precludes part-time self-employment as sole proprietor of a business assumes a definition of self-employed for which Argonaut cited no authority, and the parties provided no briefing. Further, by concluding that Allstate could not "demonstrate" or "prove" that plaintiff was self-employed, the trial court demanded not only that Allstate "set forth specific facts showing that a genuine issue of material fact exists[,]"*Quinto*, 451 Mich at 362, but also that the facts show that Allstate would ultimately prevail on the issue. In addition, the trial court's conclusion is tantamount to a finding of fact that plaintiff is not self-employed. Such is contrary to the guidance this Court provided trial courts in *Citizens* to the effect that courts should be "liberal" in finding questions of material fact and "carefully avoid making findings of fact under the guise of determining that no issues of material fact exist." *Citizens*, 179 Mich App at 464.

In light of the foregoing, we conclude that Allstate presented specific facts in the form of deposition responses from Melhem and Fouad that, viewed in the light most favorable to Allstate, show that there remain questions of material fact about plaintiff's involvement in Conz Auto, and whether such involvement constitutes self-employment. Therefore, we reverse the trial court's order granting summary disposition to Argonaut and remand the matter to the trial court for further proceedings. Considering our resolution of this issue, we need not address Allstate's second issue, which is that summary disposition was premature while relevant discovery requests remained outstanding, as this argument merely buttresses an already sufficient showing of evidence creating a genuine issue of material fact. In addition, we decline to address Argonaut's alternative argument that summary disposition was appropriate because it did not issue a policy of insurance to Conz Auto or to plaintiff and, therefore, is not liable to plaintiff. Having been raised, but not argued and decided below, this issue is not properly before the Court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999) (indicating that an issue is preserved for appellate review if it was "raised in and decided by the trial court"). Argonaut could have raised this issue on cross-appeal, MCR 7.207, but apparently elected not to. We also decline to address Argonaut's assertion that MCL 500.3114(3) does not apply because plaintiff was not driving the Nissan in the course of his alleged self-employment when the accident occurred. Again, as Argonaut did not raise this issue in the trial court or on cross-appeal, it is not properly before the Court. *Fast Air, Inc*, 235 Mich App at 549.

Reversed and remanded. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad

-7-