*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

## STATE OF MICHIGAN

## COURT OF APPEALS

VERNICE YVETTE WILSON,

      Plaintiff-Appellant,

UNPUBLISHED
November 9, 2023

v

SAFECO INSURANCE COMPANY OF ILLINOIS
and GABRIELLE NICOLE HILL

      Defendants-Appellees.

No. 361355
Wayne Circuit Court
LC No. 20-009333-NI

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

MURRAY, J. (*dissenting*).

      I respectfully dissent. Although there is nothing incorrect about the majority's analysis (in fact, it is quite good), I cannot join its reasoning because it has developed an argument that Wilson has failed to properly brief. I would conclude that Wilson abandoned her arguments that the trial court erred in granting defendants' motion for summary disposition.[1]

---

[1] On appeal, Wilson relies, in part, on an outdated and overruled summary disposition standard set out in *Citizens Ins Co of America v Auto Club Ins Ass'n*, 179 Mich App 461, 464; 446 NW2d 482 (1989), for the proposition that when deciding a motion under MCR 2.116(C)(10) "[t]he test is whether *the record which might be developed*, giving the benefit of any reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ." (Emphasis added). Yet, more than two decades ago, the Supreme Court specifically held that that standard, requiring denial of a motion if the record "might be developed," was no longer viable under the court rules. *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999) ("Under MCR 2.116, it is no longer sufficient for plaintiffs to *promise to offer* factual support for their claims at trial. As stated, a party faced with a motion for summary disposition brought under MCR 2.116(C)(10) is, in responding to the motion, required to present evidentiary proofs creating a

To begin with, to the extent that Wilson states in her statement of questions presented that she sustained a serious impairment of a body function under MCL 500.3135(5), the argument section of her brief[2] contains *no* discussion of the serious impairment threshold requirements, including citation to *McCormick v Carrier*, 487 Mich 180; 795 NW2d 517 (2010), which sets forth the controlling interpretation and application of the threshold injury requirements under the statute.[3] The majority recognizes this deficiency, but exercises its discretion to do the work for plaintiff anyway.

I would not be so generous. As most appellate practitioners know, we generally decline to perform the footwork to develop an argument for a party on appeal. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.") (quotation marks and citation omitted). This long-standing principle does not exist because of any sort of lack of industry on the Court's part to do the work. Instead, this principle is a recognition that this is an error correcting Court, *Burns v Detroit (On Remand)*, 253 Mich App 608, 615; 660 NW2d 85 (2002), and it is the *parties*' obligation to present their own arguments as to why a trial court reversibly erred. See *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008) ("Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute."); *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 406; 927 NW2d 717 (2018) (a litigant may not simply declare a position and leave the courts to " 'discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.' ") (citation omitted).

Here, as noted above, Wilson makes no effort to argue that a genuine issue of material fact existed as to any of the serious impairment criteria. Additionally, the trial court's ruling was

---

genuine issue of material fact for trial. Otherwise, summary disposition is properly granted. MCR 2.116(G)(4).").

[2] Of note, Wilson's statement of facts section of her brief on appeal is argumentative, as Wilson improperly advocates her position and cites some legal authority in support of her contentions in violation of MCR 7.212(C)(6), which provides that "[a]ll material facts, both favorable and unfavorable, must be fairly stated without argument or bias."

[3] In *McCormick v Carrier*, 487 Mich at 215, the Supreme Court held that a claimant must demonstrate the three necessary prongs to establish a "serious impairment of body function":

> (1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living).

specific—it stated that it determined that plaintiff failed to produce evidence satisfying the "first prong" under *McCormick*, that plaintiff suffered an objectively manifested impairment. The law governing that inquiry[4] was also absent from Wilson's brief on appeal.

Wilson does spend about just over a page of her two and a quarter page argument section stating that the trial court improperly determined questions of fact regarding causation. But for much of the same reasons, Wilson also abandoned this argument on appeal. *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008) ("A party abandons a claim when it fails to make a meaningful argument in support of its position.").

In the argument she does make, Wilson in no way identifies the factual questions purportedly resolved by the trial court, nor does she outline what is needed to establish causation or how to determine if causation exists. And, Wilson does not demonstrate how the evidence she produced to the trial court satisfied her burden. Wilson generally mentions that each party produced certain medical records and other evidence with the summary disposition briefing, including diagnostic images and medical opinions from her physicians, but with no showing of the significance of the evidence. To argue that a genuine issue of material fact existed, Wilson needed to set out the controlling substantive law and show what facts were in dispute under that law. See *State Farm Fire & Cas Co v Johnson*, 187 Mich App 264, 267; 466 NW2d 287 (1990) (in determining whether a genuine issue of material fact exists, courts look to the substantive law governing the claims).

The only authority cited by Wilson as to causation was *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 326; 661 NW2d 248 (2003), and that was cited for the proposition that causation is typically reserved for the trier of fact absent a dispute of material fact. Though that is accurate, it is not helpful in determining how the allegedly conflicting evidence relates to whether causation exists.

I would affirm.

/s/ Christopher M. Murray

---

[4] "[U]nder the plain language of the statute, the proper inquiry is whether the *impairment* is objectively manifested, not the *injury* or its symptoms." *McCormick*, 487 Mich at 197. "Although mere subjective complaints of pain and suffering are insufficient to show impairment, evidence of a physical basis for that pain and suffering may be introduced to show that the impairment is objectively manifested." *Patrick v Turkelson*, 322 Mich App 595, 607; 913 NW2d 369 (2018). Medical testimony is generally, but not necessarily, required to show an objectively manifested impairment. *McCormick*, 487 Mich at 198. The existence of a preexisting condition does not preclude recovery if the plaintiff establishes that the accident worsened the condition or its symptoms. *Wilkinson v Lee*, 463 Mich 388, 395; 617 NW2d 305 (2000).